### Wade Soper *v.* Commonwealth.

**Criminal Law—Homicide—Self-Defense.**

> Where the defense in a murder case is that the accused shot in order to prevent the deceased from killing his brother, and the proof shows that the accused and his brother were both in a fight with the deceased and that the brother struck the first blow, the accused cannot complain at an instruction to the effect that if the accused killed the deceased by shooting him * * * when it was not necessary and did not reasonably appear to him to be necessary to protect himself or brother from great bodily harm then threatening them or one of them, they must find him guilty.

#### APPEAL FROM WOODFORD CIRCUIT COURT.

May 19, 1876.

Opinion by Judge Pryor:

There can be no doubt from the evidence in the case but that the fight between William Soper and the deceased was the result of the quarrel between the deceased and the two brothers in regard to the order notifying the Sopers not to sell any more whisky to Spence. William Soper was not in the act of expelling the deceased from the house when he struck him, but gave the blow for the reason that the

deceased called him a liar.   It was a mutual quarrel and a mutual fight, in which both the Sopers engaged with the deceased, and were both on him when the witnesses entered the room.   When the accused was pulled away he fired and killed Mastin, and the defense is that he shot in order to prevent the deceased from killing his brother.   It is true that William Soper had ordered the deceased to leave the house, but there is no pretense that he struck the deceased upon the head to make him leave, or that such force was necessary to get him out; and in fact no effort had been made in that direction, except the admonition by William Soper and some one else to him that he had better leave.

The proof conduces to show that the accused was present when the blow was struck, or if not, was engaged in the fight; and when parties interfered to prevent bloodshed the fatal shot was fired.   It is maintained by the accused that he fired because he saw the deceased cut at his brother with a knife.   Upon this evidence the court instructed the jury for the commonwealth, in substance, that if the accused killed the deceased by shooting him with a pistol when it was not necessary, and did not reasonably appear to him to be necessary to protect himself or brother from great bodily harm then threatening them or one of them, they must find him guilty, etc. Instruction No. 10 told the jury that if the deceased was prosecuting a deadly and dangerous attack upon the brother of the accused and the latter believed and had reasonable grounds to believe at the time of the shooting, that the deceased was about to kill his brother or inflict on him great bodily harm, and there was no other available means apparent to the accused than to kill, to prevent the threatened danger, then they must acquit.   This instruction, it is true, is qualified by saying in substance that if Martin was only acting in self-defense the accused was not justified in shooting.   This qualification should have been made.   The accused was on the ground and a party to the combat.   It was a question as to who was acting in self-defense, the two brothers or the deceased.   If attacked by William Soper, the deceased had the right to defend himself and repel the attack.   The assault was made by William Soper, and although the accused had engaged in the fight, and made the shot after the separation, the jury were still told that if the accused had reasonable grounds to believe that his brother was about to be killed by the deceased not in self-defense, he had the right to shoot.

The uncontradicted proof is that William Soper struck the first blow; that both William and the accused were upon the deceased,

and the latter, having aided in the battery, was not justified in shooting the deceased upon the existence of apparent danger to his brother, the deceased having the right in the event he was assaulted by both to use such force as was necessary to protect himself. This view of the case should have been presented to the jury for the commonwealth. There is nothing in the case upon which to base an instruction as to the right of the parties to expel the accused from the house. It is not pretended that the assault originated from any such necessity. The instructions were certainly as favorable to the accused as authorized from the facts, and he has no legal cause to complain of the judgment. The jury understood from the instructions given that if the accused was acting in self-defense or killed the deceased to prevent the latter from taking the life of his brother, upon a state of facts showing an apparent necessity for such action, he was entitled to an acquittal.

If William Soper was not acting in self-defense or would not have been justified in killing the deceased, the accused cannot be excused upon the ground of apparent necessity. Cases might occur when the killing of another in order to prevent the commission of a felony might be excused upon the ground that the danger seemed to be imminent, and the necessity for such action apparent, although the party killing might have been deceived as to the real facts. Such a rule, if recognized as law, cannot apply here, as the accused was himself a principal in the fight and shot his adversary after they had been separated, and while the deceased was engaged in the fight with his brothers, who had made, by an actual blow, the assault upon him. The evidence admitted to which objection was made did not affect the substantial rights of the accused. Judgment *affirmed.*

*J. B. Huston, for appellant. T. E. Moss, for appellee.*